UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIDELITY & GUARANTY INSURANCE UNDERWRITERS INC. and UNITED STATES FIDELITY & GUARANTY COMPANY,** | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-04-2833 |
| v. | § § | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION** | § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Stephen V. Pate's Motion to Dismiss (Dkt. #38). After careful consideration of the motion, the response, and the applicable law, the Court is of the opinion that the motion should be DENIED, as explained below.

**Factual and Procedural Background**[1]

Plaintiffs are commercial surety companies that provide performance, payment, and other related bonds for construction projects. Plaintiffs provided bonds to two related companies, Pate & Pate Enterprises, Inc. ("Enterprises") and Pate and Pate, L.L.C. ("LLC") (collectively "the Pate Entities"), which were contractors that primarily performed work on underground utility and paving projects. Stephen V. Pate ("Pate"), who owned and controlled the Pate Entities, and his wife, Marta Pate, who also shared ownership with the Enterprises, were individually liable under the indemnity agreement. This case arises from the damages suffered by Plaintiffs allegedly caused by the financial collapse of the Pate Entities.

---

[1] For a more detailed discussion of the facts and circumstances surrounding this case, see this Court's March 31, 2005 Memorandum and Order (Dkt. #40).

According to Plaintiffs, the products and services provided to the Pate Entities by Defendant Wells Fargo ("Wells Fargo") were facilitating the diversion of funds by Pate and his companies for their own benefit. As a result, on July 13, 2004, Plaintiffs commenced this lawsuit against Wells Fargo asserting various causes of action. Wells Fargo then added Pate and the Pate Entities as third party defendants. In addition to seeking a determination of the proportionate liability of Pate and the Pate Entities, Wells Fargo has also asserted a claim against Pate on the basis of his personal guaranty of the Pate Entities indebtedness to Wells Fargo. Prior to this lawsuit, Citizens Bank of Texas, N.A. ("Citizens") commenced an action in state court against Well Fargo for overdrafts at Citizens by Pate and the Pate Entities, claiming that Wells Fargo had not timely returned checks drawn on the overdrawn accounts under the Uniform Commercial Code. Thereafter, Citizens obtained a judgment against Well Fargo for $4,912,456.09, which is currently being appealed by Wells Fargo.

Pate originally filed his motion to dismiss on February 19, 2005, to which Wells Fargo responded on March 11, 2005. Subsequently, Pate responded to Wells Fargo's First Amended Complaint on March 31, 2005 with his First Amended Answer, which was filed subject to the re-urged motion to dismiss now before the Court. Although Wells Fargo did not file an additional response to Pate's re-urged motion, the Court notes that Pate's motions are identical, and therefore, the Court will consider the arguments advanced in Wells Fargo's original response.

## Discussion

In his motion to dismiss, Pate argues only that Wells Fargo's claim against him for breach of the guaranty agreement is not ripe, because the negative balance in the Pate Entities' accounts are contingent upon the outcome of this appeal. According to Pate, if Wells Fargo is successful in its appeal against Citizens, as well as in related litigation also implicating the Pate Entities' accounts at Wells Fargo, there will be no claims for damages by Wells Fargo against Pate. As such, Pate insists

that these issues are not ripe for adjudication and must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court disagrees.

A court may dismiss an action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), the party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Under Article III of the Constitution, the subject matter jurisdiction of federal courts is limited to the decision of "cases" and "controversies." A case or controversy must be ripe for decision, meaning that the dispute must not be premature or speculative. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)). That is, ripeness is a constitutional prerequisite to the exercise of jurisdiction. *Id.* (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967)).

In this case, the claims asserted by Wells Fargo against Pate satisfy the constitutional prerequisite of ripeness because Wells Fargo is immediately entitled to charge the Pate Entities' accounts for checks written, which, according to Wells Fargo, makes Pate personally liable through his guaranty with Wells Fargo. Indeed, Texas law provides that "[Wells Fargo] may charge against the account of [the Pate Entities] an item that is properly payable from that account even though the charge creates an overdraft. An item is properly payable if it is authorized by [the Pate Entities] and is in accordance with any agreement between the customer and the bank." *See* TEX. BUS. & COM. CODE ANN. § 4.401(a) (Vernon 2002). Moreover, the Deposit Account Agreement between Wells Fargo and the Pate Entities provides that "[a]ny negative account balance is immediately due and

payable, unless the Bank agrees otherwise in writing."[2]  Thus, it appears that the Pate Entities' indebtedness to Wells Fargo constitutes amounts presently owed, which would implicate Pate's guaranty agreement covering those accounts.  Accordingly, the claim against Pate is not premature or merely speculative, and dismissal on ripeness grounds would be inappropriate.

## Conclusion

For the foregoing reasons, Pate's Motion to Dismiss is DENIED.

Signed this 26th day of July, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Dkt. #35, Ex. A, p. 9.