UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FIDELITY & GUARANTY INSURANCE UNDERWRITERS INC. and UNITED STATES FIDELITY & GUARANTY COMPANY,** | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| **WELLS FARGO BANK, NATIONAL ASSOCIATION** | § § § | **CIVIL ACTION NO. H-04-2833** |
| Defendant/Third-Party Plaintiffs, | § § § | |
| v. | § § | |
| **FIRST VICTORIA NATIONAL BANK AS SUCCESSOR IN INTEREST OF AND/OR F/K/A CITIZENS BANK OF TEXAS, NATIONAL ASSOCIATION, PATE & PATE ENTERPRISES, INC., PATE & PATE, L.L.C., PATE BROTHERS CONSTRUCTION, INC., STEVE PATE, and MARTA PATE.** | § § § § § § § § § | |
| Third-Party Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Third Party Defendants Pate & Pate Enterprises, Inc., Pate & Pate, L.L.C., Pate Brothers Construction, Inc., Marta Pate, and Stephen V. Pate's ("Pate Third Parties") Motion to Sever the Wells Fargo Claims (Dkt. #68), Defendant Wells Fargo Bank, National Association's ("Wells Fargo") Opposed Motion for Leave to Designate Responsible Third Parties (Dkt. #69), and Wells Fargo's Opposed Motion for Leave to File Third Party Plaintiff's Second Amended Third Party Complaint (Dkt. #74). After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that the Pate Third Parties' Motion to Sever the Wells Fargo Claims should be DENIED.

## Discussion[1]

### I.     Pate Third Parties' Motion to Sever

In their motion, the Pate Third Parties request that the Court exercise its discretion and sever Wells Fargo's claims from this primary lawsuit brought by Plaintiffs' against Wells Fargo. In particular, the Pate Third Parties argue that they are not necessary parties for the disposition of Plaintiffs' claims against Wells Fargo and further that they are actually "improper parties insofar as judicial resources and economies will be preserved by the severance." In response, Wells Fargo contends that its claims against the Pate Third Parties involve the same or substantially similar questions of law and fact due to the derivative nature of Plaintiffs' claims, and therefore, joinder was proper and severance is unwarranted. The Court agrees.

A district court has broad discretion to order the severance of particular claims and afford them separate treatment when doing so advances the administration of justice and no party suffers prejudice by virtue of the severance. *See El Aguila Food Prods., Inc. v. Gruma Corp.*, 167 F. Supp. 2d 955, 959-60 (S.D. Tex. 2001). The essence of the Pate Third Parties' argument for severance is that they are not necessary parties to this action and that the claims against them are better suited in an ongoing, related state court action. Notably, the Pate Third Parties do not submit that they were improperly joined, or that the claims against them are not related to the primary action between Plaintiffs and Wells Fargo. As such, the Court is satisfied that the claims asserted by Plaintiffs against Wells Fargo, being derivative in nature, will certainly require evidence as to the actions and conduct of the Pate Third Parties. Moreover, the Court concludes such actions and conduct by the Pate Third Parties would relate to the independent claims Wells Fargo seeks to assert against them in this lawsuit. While it is obvious from their arguments that the Pate Third Parties' prefer to litigate

---

[1] For a discussion of the facts and circumstances surrounding this case, see this Court's March 31, 2006 Memorandum and Order (Dkt. #97).

these claims in the related state court proceeding, this Court is not convinced that severance advances the administration of justice anymore so than trying the claims in this forum. Thus, severance would not be appropriate.

## II.     Wells Fargo's Motions for Leave

Wells Fargo has filed motions seeking leave from the Court to designate responsible third parties under Texas Civil Practice and Remedies Code § 33.004 and also to file a Second Amended Third Party Complaint. Both of these motions were filed prior to this Court's March 31, 2006 Memorandum and Order (Dkt. 97), which addressed Wells Fargo's Motion for Summary Judgment and resolved certain issues with respect to the applicability of the Texas Proportionate Responsibility Statute. It is evident to the Court the motions currently before the Court, as well as the various responses filed in opposition thereto, are based on certain assumptions and positions that have now been addressed. In light of these developments and in fairness to the respective parties, the Court finds that supplemental briefing would assist the Court in clarifying the underlying issues involved.

## Conclusion

For the foregoing reasons, the Pate Third Parties' Motion to Sever the Wells Fargo Claims is DENIED. With respect to Wells Fargo's Motion for Leave to Designate Responsible Third Parties and its Motion for Leave to File Third Party Plaintiff's Second Amended Third Party Complaint, the parties are hereby ORDERED to file supplemental briefing within twenty (20) days from the date of this Order to clarify the issues and their respective positions in light on this Court's March 31, 2006 Memorandum and Order.

It is so ORDERED.

Signed this 10th day of April, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE