UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDELITY & GUARANTY INSURANCE UNDERWRITERS INC. and UNITED STATES FIDELITY & GUARANTY COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION | § § § | CIVIL ACTION NO. H-04-2833 |
| Defendant/Third-Party Plaintiffs, | § § | |
| v. | § § | |
| FIRST VICTORIA NATIONAL BANK AS SUCCESSOR IN INTEREST OF AND/OR F/K/A CITIZENS BANK OF TEXAS, NATIONAL ASSOCIATION, PATE & PATE ENTERPRISES, INC., PATE & PATE, L.L.C., PATE BROTHERS CONSTRUCTION, INC., STEVE PATE, and MARTA PATE. | § § § § § § § § § | |
| Third-Party Defendants. | § § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Compel Plaintiffs' Responses to Discovery and Production of Privileged Documents (Dkt. #88). After careful consideration of the motion, the response, and the applicable law, the Court is of the opinion that Wells Fargo's motion should be GRANTED in part and DENIED in part.

**Discussion**

Wells Fargo seeks an order from the Court compelling Plaintiffs to provide responses to certain discovery requests. In their response, Plaintiffs indicate that many of the discovery disputes have now been resolved. In accordance with Wells Fargo's recommendation, Plaintiffs have also

submitted certain documents for *in camera* review in order to assess whether the documents should be produced. The Court will address the specific discovery requests below.

I.      **Interrogatory No. 6 & First Supplemental Deposition Notice, Topic No. 15**

Wells Fargo seeks discovery of certain information relating to whether Plaintiffs maintained bank accounts similar to those allegedly provided to the Pate Entities by Wells Fargo in this case. Wells Fargo contends that this information would be relevant to whether Plaintiffs had clean hands and whether its conduct was wrongful. Plaintiffs have answered this discovery response by stating that they maintained no accounts of this nature. Plaintiffs further contend that such information would be irrelevant even if such accounts existed. The Court is satisfied that Plaintiffs have responded to this discovery request by indicating that they do not have similar accounts. Furthermore, the Court is not convinced that such information, even if it did exist, would be relevant to determining Wells Fargo's liability in this lawsuit.

II.     **Request for Production No. 20**

Wells Fargo also seeks certain Electronic Credit Files ("ECF"), which are compilations of financial information on Plaintiffs' customers that Plaintiffs maintain. Plaintiffs' response indicates that the parties have resolved this issue and that the requested ECF's have been or will be turned over subject to an agreed confidentiality agreement.

III.    **Request for Production No. 29**

In this request, Wells Fargo seeks "[a]ll documents sent, provided to or received from any person or entity who reinsured or was asked to reinsure any portion of the risk for any bond you issued to or on behalf of any of the Pate Entities." Plaintiffs indicate that they produced some of the requested documents on March 3, 2006, and that additional documents were to be produced on March 16, 2006. To the extent any responsive documents have not been produced, Wells Fargo's motion will be granted.

## IV.     Interrogatory No. 4 & Request for Production No. 21

Here, Wells Fargo requests that this Court order Plaintiffs to produce all documents reflecting or relating to any loan Wells Fargo made to any of the Pate Entities that Plaintiffs contend or believe is improperly characterized as long term debt.  In response, Plaintiffs explain that they believe the request is more properly addressed by their experts, which were to be designated on March 20, 2006.  Plaintiffs also indicate that certain documents have already been identified or designated that are responsive to Wells Fargo's request.

It is evident that Wells Fargo seeks facts and documents that underlie certain claims asserted by Plaintiffs.  Plaintiffs desire to have their expert respond to Wells Fargo's request is unwarranted.  Thus, to the extent any responsive documents have not already been produced, Wells Fargo's motion will be granted.

## V.     Third Amended Privilege Log

Finally, Wells Fargo disputes the adequacy of certain entries in Plaintiffs' Privilege Log.  In certain instances, Wells Fargo merely seeks clarification from Plaintiffs regarding documents for which a privilege has been claimed.  In other instances, Wells Fargo requests that certain documents be produced or submitted to the Court for an *in camera* inspection in order to determine whether the claimed privilege applies.  As Plaintiffs response and their Third Amended Privilege Log make clear, most of the documents have now been produced to Wells Fargo.  In accordance with Wells Fargo's recommendation, the documents not yet produced have been tendered to the Court for an *in camera* inspection.[1]  Having inspected the submitted documents, the Court is satisfied that the

---

[1] As Plaintiffs note, Wells Fargo's references to "Dan Clark" documents is not entirely clear because there are no such documents listed on Exhibit G to Wells Fargo's motion.  The Court assumes that the documents referenced are the same as those listed in Plaintiffs' Third Amended Privilege Log, which does contain a "Schedule of Payments."

withheld documents do not have to be produced because the appropriate privilege has been established.

## Conclusion

For the foregoing reasons, Wells Fargo's motion is GRANTED in part and DENIED in part. Plaintiffs are hereby ORDERED to provide all responsive discovery in accordance with this Memorandum and Order within twenty (20) days.

Signed this 19th day of April, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE